Shauck, J.
The transitory character of an action to recover on a policy of fire insurance is not denied by the judgment of the circuit court. That character requires the conclusion that jurisdiction of the action may be'exercised by a court of any state where service upon the insurer may be effected. The question presented by the record does not relate to the jurisdiction of the Ohio court, but to the time limited for invoking the exercise of that jurisdiction.
This contract of insurance was applied for, signed and delivered in the state of Florida and it covered property situated in that state. The property was destroyed by fire on the twenty-first day of May, 1891. The cause of action then arose in that state. The action was commenced-in a court of Ohio, March 30, 1898. On behalf of the plaintiff it is urged that if this cause of action had arisen in this state it would *113 not be barred by our statute and that the limitation of an action, being a part of the remedy, must, under the general rule upon that subject, be determined by the law of the forum. The force of this view seems to be entirely averted by the terms of our own statute, which, for the government of such a case, adopts the limitation of the state in which the cause of action arose, at least, to the extent that the action cannot be brought here when barred there. Section 4990 of our statutes is: “If, by the laws of the state or country where the cause of action arose, the action is barred, it is qlso barred in this state.” On the trial of the present case the statute of limitations of the state of Florida was introduced by stipulation. An examination of that statute makes it quite apparent that the question is determined by the third section which limits to five years the commencement of “an action upon a contract, obligation or liability founded upon an instrument of writing not under seal.” It follows that when the circuit court concluded that the action was barred it gave full effect to the law of the forum.
But it is urged that the operation of the injunction granted by the Florida court either prevented the operation of the statute or estopped the defendant to plead it. This proposition must fail even if we assume in its aid that the plaintiff was bound by the injunction and that it continued in force for the time necessary to give it the effect claimed. Neither the statute of Ohio nor that of Florida provides for such 'an exception to the operation of the statutes by which actions are limited. In a number of the states the statute expressly saves causes from its operation during the time of the operation of an injunction which prevents the bringing of an action *114 thereon. There is no snch saving unless the statute so provides. In Wood on Limitations, section 243, the law is so stated, and the statement is justified by a collection and classification of the decisions according to the presence or absence of such saving provisions.
Counsel for the plaintiff urge the view that because of the pendency of the injunction suit the company is estopped to plead the statute, and Treasurer v. Martin, 50 Ohio St., 197, is cited in its support. The second proposition of the syllabus in that case states the point decided with reference to the pleading of the statute of limitations; and it holds that the estoppel operates against him who has wrongfully procured the injunction. That the doctrine of the case is not applicable here is apparent,- since, in the present case, the party pleading the statute was in no sense an actor in procuring the injunction.

Judgment affirmed.

Davis, C. J., Price, Crew, Summers and, Spear, JJ., concur.